UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

TERESA RAVENSCROFT, )
an individual, and )
DEBORAH RAVENSCROFT, )
an individual, )
 )
          Plaintiffs, )
 )
v. ) Case No. 20-CV-0020-CVE-JFJ
 )
CSA TRAVEL PROTECTION AND )
INSURANCE SERVICES, )
 )
          Defendant. )

**OPINION AND ORDER**

Before the Court is defendant CSA Travel Protection and Insurance Services's motion to dismiss (Dkt. # 6). Defendant argues that the Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because diversity of citizenship and the amount in controversy requirement have not been adequately pled.[1] Dkt. # 6.

**I.**

Plaintiffs brought this action on January 21, 2020, alleging breach of contract, bad faith, and a claim for punitive damages. Dkt. # 2. According to the complaint, plaintiffs are citizens of Oklahoma and defendant is "an insurance company operating in San Diego, California." Id. at 1–2. Plaintiffs allege that they booked a cruise with Oceania Cruises for a trip to Tahiti/French Polynesia, which was to take place between February 9 and 23, 2019. Id. at 2. As part of plaintiffs' purchase of the cruise, they purchased a trip cancellation insurance policy from defendant (Policy #

---

[1]         Plaintiff has not yet filed a response; however, the Court deems a response unnecessary.

19007W7692).  Id.  On January 4, 2019, plaintiff Teresa Ravenscroft had surgery and, as a result, her physician told her that she could not travel for at least ninety days.  Id.  Plaintiffs then cancelled their cruise and made a claim under the policy for $15,598.  Id.  Defendant denied the claim, stating that it was not payable because the surgery was on January 4, 2019, and "the policy did [not] go into effect until January 8, 2019."  Id.  Plaintiffs allege that the complications with Teresa Ravenscroft's surgery and further treatment that led to the cancellation did not take place until after January 8, 2019.  Id. at 3.

## II.

Defendant argues that the Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  Dkt. # 6, at 1.  Plaintiffs' basis for subject matter jurisdiction is 28 U.S.C. § 1332.  Dkt. # 2, at 1.  Defendant argues that neither complete diversity nor the amount in controversy requirement of 28 U.S.C. § 1332 is met.  Dkt. # 6, at 1.

### A. Diversity of Citizenship

Defendant argues that, under 28 U.S.C. § 1332(c)(1)(A), an insurance company is a citizen of every state in which the insured is a citizen.  Id. at 3.  Defendant argues that, because it insures plaintiff, who is allegedly a citizen of Oklahoma (see Dkt. # 2, at 1–2), it is also a citizen of Oklahoma and, thus, diversity of citizenship is not met.  Dkt. # 6, at 3.

As a requisite for subject matter jurisdiction based on diversity of citizenship, there must be complete diversity, which exists "when all parties on one side of the litigation are of a different citizenship from all other parties on the other side of the litigation."  Depex Reina 9 P'ship v. Texas Int'l Petrol. Corp., 897 F.2d 461, 463 (10th Cir. 1990).  A corporation is deemed to be a citizen of every state in which it has been incorporated and of the state in which it maintains its principal place

of business. 28 U.S.C. § 1332(c)(1). However, "in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant," the insurer is a citizen of "every state and foreign state of which the insured is a citizen." 28 U.S.C. § 1332(c)(1)(A). "This provision is known as the 'direct action exception.'" Kier v. Lowery, 2017 WL 1015319, at *7 (N.D. Okla. March 15, 2017) (unpublished).[2]

The Court finds that the direct action exception does not apply to this case. "[A]ctions by an insured against his or her own insurer are not direct actions within the meaning of § 1332(c)(1)." Powers v. Allstate Motor & Cas. Ins. Co., 2010 WL 2270182, at *2 (D. Colo. June 7, 2010) (unpublished); see also Tuck v. United Svs. Auto. Ass'n, 859 F.2d 842, 847 (10th Cir. 1988). The "general rule is that the provisio does not affect suits against the insurer based on its independent wrongs: such as actions brought against the insurer either by the insured for failure to pay policy benefits or by an injured third party for the insurer's failure to settle within policy limits or in good faith." Rosa v. Allstate Ins. Co., 981 F.2d 669, 675 (2d Cir. 1992). Here, plaintiffs bring their action based upon the independent wrongs of defendant, the insurer. The law is clear that 28 § 1332(c)(1)(A) does not apply.

Still, plaintiffs merely allege that "CSA Travel Protection and Insurance Services [is] an insurance company operating in San Diego, California." Dkt. # 2, at 2. For diversity of citizenship to exist, plaintiffs must allege facts demonstrating that defendant's principal place of business and incorporation are of a different state than plaintiffs' citizenship. See 28 U.S.C. § 1332(a)(1), (c)(1). Plaintiffs appear to have alleged that defendant's principal place of business is in California.

---

[2] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

Plaintiffs do not allege defendant's state of incorporation. Dismissal at this stage of the litigation is not proper, as plaintiffs should be allowed to file an amended complaint alleging, if they can, that defendant is incorporated in a state other than Oklahoma.

B. **Amount in Controversy**

Defendant next argues that the amount in controversy requirement of 28 U.S.C. § 1332 has not been met. For diversity of citizenship to exist, "the matter in controversy [must] exceed[] the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a). "The amount in controversy is ordinarily determined by the allegations of the complaint . . . ." Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (abrogated on other grounds). "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938).

Here, plaintiffs have alleged breach of contract in the amount of $15,598 plus costs and attorney fees. Dkt. # 2, at 3. Plaintiffs have also alleged bad faith and punitive damages in an amount exceeding $75,000 exclusive of interest and costs. Id. at 3–4. Therefore, plaintiffs have met the amount in controversy requirement of 28 U.S.C. § 1332 and defendant's amount in controversy argument should be denied.

**IT IS THEREFORE ORDERED** that defendant CSA Travel Protection and Insurance Services's motion to dismiss (Dkt. # 6) is **denied without prejudice**, but plaintiffs must file an amended complaint no later than **March 6, 2020**, properly pleading defendant's citizenship.

**DATED** this 3rd day of March, 2020.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE